# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **CARLO PIERRE** | * | **CIVIL ACTION NO. 06-1341** |
| **Versus** | * | **JUDGE JAMES** |
| **ALBERTO GONZALES, ET AL** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

      Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Doc. #1) filed by *pro se* Petitioner Carlo Pierre ("Pierre") on August 3, 2006. The Government has responded to Pierre's petition (Doc. #8). For reasons stated below, it is recommended that Pierre's petition be **DISMISSED without prejudice**.

      According to Pierre, a native and citizen of Haiti, he entered the United States as an immigrant in 1979 and was issued permanent residency in 1988.[1] On September 14, 1998, Pierre was convicted in the United States District Court for the Northern District of Florida for Conspiracy to Distribute Cocaine Base and Use of a Firearm During a Drug Trafficking Crime, for which he was sentenced to 124 months in prison. On October 12, 2005, Pierre was served with an immigration warrant for his arrest and a notice that he was to be detained within the custody of the USICE. On December 9, 2005, Pierre was ordered removed to Haiti. Subsequently, on May 8, 2006, the Field Office Director notified Pierre that he was not to undergo a custody review because USICE was in possession of a travel document permitting his return to Haiti. Although Pierre was scheduled to be removed in May of 2006, he remains in ICE custody. On September 15, 2006, Pierre was served with a warning for his failure to depart the

---

[1] The Government states that the place and date of Pierre's arrival in the United States is unknown and that he entered without inspection.

United States and an instruction sheet regarding the requirement that he assist in his removal. According to the Government, a Warning for Failure to Depart must be served monthly in order to address the issue of failure to cooperate before it occurs.[2] Gov. Exhibit A.

In his petition, Pierre's sole claim is a challenge to his post-removal detention under the framework the United States Supreme Court established in *Zadvydas v. Davis*, 533 U.S. 678 (2001). According to Pierre, the presumptively reasonable six-month detention period has expired and there is no significant likelihood of his removal in the reasonably foreseeable future.

## LAW AND ANALYSIS

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Id.* at 688-98. The Court noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order becomes final. *Id.* at 697-702. After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient rebuttal evidence. *Id.*

In this case, while the presumptively reasonable six-month detention period has indeed expired, Pierre has failed to demonstrate that there is no significant likelihood of his removal in

---

[2]On October 6, 2006, the undersigned ordered the Government to explain why Pierre was served with a failure to depart in September, 2006, since he has been in USICE custody since 2005 with a travel document apparently having been obtained in May, 2006, and therefore is unable to depart the United States on his own.

2

the reasonably foreseeable future. The lapse of the presumptive detention period, by itself, does not mandate release, *see Zadvydas*, 533 U.S. at 701, and the petitioner must still give good reason to believe that his removal is unlikely in the foreseeable future. Other than the argument that he has not yet been removed, Pierre has failed to provide this Court with any evidence that his removal is unlikely in the foreseeable future.

According to Pierre, the Immigration Department in Washington, D.C. issued a memorandum in March 2006 directing the Atlanta Field Office to notify all Haitian detainees that if they provided a valid passport and obtained a waiver of their criminal conviction they would be deported on a commercial flight. Pierre argues that he has met these requirements and therefore, because he has not yet been removed, his continued detention is illegal. However, although it appears that Pierre has provided a passport and obtained a waiver,[3] the Government states that Pierre can not be removed on a commercial flight due to his drug offense conviction; rather, he must be removed on a charter flight negotiated through the USICE and the Government of Haiti. Furthermore, according to the Government, Haiti will only repatriate a few detainees at a time and, over the past few months, a number of Haitian detainees have been removed.[4]

Accordingly, because a travel document for Pierre has been obtained and repatriation is progressing as permitted by the Hatian Government, it appears that there is a significant likelihood of Pierre's removal in the foreseeable future.[5] Thus, it is recommended that Pierre's petition be **DISMISSED WITHOUT PREJUDICE.** However, given the amount of time that has passed since a travel document for Pierre was obtained, it is also recommended that Pierre be

---

[3]*See* Petitioner's Exhibit 1, p.2.

[4]The Government states that the Atlanta ICE removed seven detainees in August 2006 and five detainees in October 2006.

[5]The documentation provided by Pierre indicates that he was scheduled to be removed on a charter flight in either August or September. Petitioner's Exhibit 2.

notified of his right to file a new habeas petition should the delays in his removal continue for a prolonged period following dismissal of this action.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 16th day of November, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE